BEULAH McHENRY AMIDON, Respondent, v. CHARLES W. WALTERS, and Anna Walters, appellants.

(183 N. W. 107.)

**Brokers — computation of interest.**

> In a stipulated action to determine interest payable under a real-estate contract, it is held, for reasons stated in the opinion, that interest should be computed from the date stated in the original contract, and that the preliminary decree entered for a strict foreclosure, in the event of default, was proper.

Opinion filed May 18, 1921.

Action in District Court, Cass County, *Cooley, J.* The defendants have appealed from the preliminary decree.

Affirmed.

*Lyman Miller,* for appellants.

*Pierce, Tenneson, Cupler, & Stambaugh,* for respondents.

The liability of a vendee in an executory contract for interest and taxes is determined and measured by his right to the possession of the land, and the rents and profits derived therefrom. 39 Cyc. 1630; Frits v. O'Brien Land Co. (Minn.) 136 N. W. 301, and note to the same case in 43 L.R.A. (N. S.) 51.

It is clear from the contract between the parties that they understood and intended that the interest from November 1, 1919, should be com-

puted to the date the deal was closed and paid in cash at that time. 13 C. J. 546; Moore v. Beiseker, 147 Fed. 367; Young v. Metcalf Co. 18 N. D. 441.

It is within the sound discretion of the court to determine under what circumstances a strict foreclosure of the contract will be awarded to the complainant, and the time that will be given the defendant within which to comply with the conditions laid down by the court. 3 Pom. Eq. Jur. 4th ed. § 1227, § 1262, pp. 2947, 2948, 3046; Wiltsey, Mortg. Foreclosures, § 977, p. 1361; Baldwin v. McDonald (Wyo.) 157 Pac. 35.

BRONSON, J. This is a stipulated action to determine interest payable under a real-estate contract. On July 7, 1919, the plaintiff made a written contract to sell to the defendants some 420 acres of farm lands. This contract recites payment of $1,000 upon the purchase price stated to be $42,-125; that the sale should be closed as soon as Walters could sell his farm upon which he was then living and not later than November 1, 1919; that upon the sale of such farm he should pay at least $12,125 upon the purchase price; that the balance should be paid on or about ten years from the date of closing the sale; that a warranty deed and notes, secured by a mortgage upon the land for the balance of such purchase price, should then be made; that interest should be at the rate of 6 per cent payable annually on December 1st, interest to begin on unpaid part of purchase price November 1, 1919; that if Walters should be unable to sell his farm by November 1, 1919, the time for closing the sale would be extended until he made such sale, but not later than November 1, 1920; that possession should be taken by the purchaser on November 1, 1919. On May 27, 1920, another written agreement was made between the parties, which recites that Walters has paid $6,000 on the contract, and that he then assigns to the plaintiff one Salvorsen contract for a deed as collateral security for the payment of $3,000 on September 1, 1920, and $3,125 on November 1, 1920.

On November 3, 1920, another written agreement was made between the parties, reciting that whereas the plaintiff claims that the unpaid portion of the purchase price bears interest at the rate of 6 per cent per annum from November 1, 1919, and the defendant claims that it did not bear interest until November 1, 1920, excepting as to interest upon $3,000 from September 1, 1920; and, whereas the parties desire to limit the issue upon the item of interest to the date from which and the amount upon which

interest should be computed on contract, it is agreed that the defendant should pay the plaintiff $6,156.50, and the parties otherwise perform concerning the deed, mortgage, and security, and that the plaintiff should commence immediately in the district court a suit for specific performance or strict foreclosure of the contract for the purpose of obtaining an adjudication of the issue in dispute between them speedily and without unnecessary expense.

This action was accordingly commenced for the strict foreclosure of the contract. Trial was had on November 15, 1920, and some evidence was introduced to the effect that in the fall of 1919 the defendant sowed rye on the premises; that from November, 1919, to May, 1920, he occupied some of the buildings on the premises but his family did not move thereupon until May, 1920; that in 1920 the crop was planted and harvested by the defendant. On November 29, 1920, the trial court entered a preliminary decree, upon findings made, to the effect that the plaintiff was entitled to interest from November 1, 1919, adjudicating the amount to be $2,343.78, and that, in the event of the defendant's failure to pay such amount with interest, the plaintiff might apply, after December 15, 1920, to the court, upon two days' notice, for a final decree terminating the contract.

On December 15, 1920, the defendants filed in the trial court a surety bond in the sum of $3,000 to pay costs and damages, and, finally, on February 15, 1921, this appeal was taken from the decree. Briefs of the parties were filed on April 27, 1921, and the cause argued before this court on May 6, 1921. The defendants contend that the court erred in its determination concerning the interest; that it had no authority to extend the issues beyond the determination of the fact concerning interest; that the plaintiff has no right to a decree of foreclosure and that the so-called decree entered is void.

We are of the opinion that the court properly determined concerning the item of interest. The original contract specifically provides for interest to be paid from November 1, 1919. Pursuant to this contract, a sale was made and possession taken. In no manner have subsequent agreements modified or limited this original agreement concerning the interest. The other contentions are obviously without merit. The parties stipulated for an action of foreclosure. The decree entered by the trial court was proper. The defendants by this appeal obviously have secured an extension of time. It simply remains for this court, in the interest of the adjudica-

tion made and for a prompt settlement upon such adjudication to fix the time within which the defendants shall make payment. It is accordingly ordered that the decree of the trial court be in all things affirmed, and that the defendants make payment under its terms within fifteen days from the filing of the remittitur in the District Court.

CHRISTIANSON and BIRDZELL, JJ., concur.

GRACE, J. (concurring in part and dissenting in part). I agree that the determination, with reference to interest, as contained in the majority opinion, is correct.

I dissent from the conclusion that a strict foreclosure should be permitted, even though there is a stipulation between the parties to that effect. The stipulation was unnecessary, and it cannot so bind the court as to place it in a position that it is required to lay down a harsh and improper rule of law. That part of the decision is not very material in this case, but it will become a precedent for similar cases arising in the future.

The contract, to cancel which the action was brought, is in effect an equitable mortgage. The purchaser under that contract has paid in excess of $6,000 of the purchase price. The vendor holds the contract as security for payment of the balance of the purchase price. The proceeding to cancel the contract is in the nature of a foreclosure proceeding. In other words, it is the foreclosure of an equitable mortgage.

The judgment of cancelation is largely similar to a sale of land on execution, in a regular mortgage foreclosure by action.

We see no good reason, in equity or at all, why the statutory redemption period should not be permitted. It may be noticed that, if it had been attempted to cancel the contract by the service of notice, pursuant to the provisions of article 4 of chapter 30 of Comp. Laws 1913, as amended by chapter 180 of the Session Laws of 1915, and as again amended by chapter 151 of the Session Laws of 1917, the vendee of this contract would have had a redemption period of six months in which to pay the amount due and reinstate the contract.

The decision, if it shall become the law of this case and a precedent in future cases, can have largely but one effect, that is, to separate the tiller from the soil, to cause vendees who have made large payments on

land to lose it to the vendor, and, in addition thereto, lose all he has paid in on the land.

Strict foreclosure is a relic of the dark ages. It should have no place nor recognition in an enlightened system of jurisprudence. It is a proceeding designed only for the protection and benefit of the creditor class and for the oppression and detriment of the debtor class.

If it is not a relic of feudalism, it is, at least, nearly such.

ROBINSON, Ch. J., concurs.